# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-962V**

HANNAH ELLIS,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: September 29, 2026

*Eric Allan Koch, Gutwein Law, Indianapolis, IN, for Petitioner.*

*Rochelle Ilana Gillenson, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 26, 2023, Hannah Ellis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine received on October 20, 2020. Petition, ECF No. 1. On September 29, 2025, I issued a ruling on entitlement in Petitioner's favor. ECF No. 37. On December 11, 2025, I issued a decision awarding damages to Petitioner based on the Respondent's proffer. ECF No. 43.

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $30,780.31 ($29,039.50 in fees plus $1,740.81 in costs). Petitioner's Application for Attorney Fees ("Motion") filed July 17, 2026, ECF No. 47. Furthermore, Petitioner filed a signed statement representing that $29.40 in personal out-of-pocket expenses were incurred. ECF No. 51.

Respondent reacted to the Motion on July 31, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. However, Respondent notes that Petitioner's counsel billed the Program for work associated with the Petitioner's separate state court case, as well as for administrative tasks. Respondent further notes that no attorney affidavit was filed to substantiate the hourly rates requested, and that Petitioner should not be reimbursement for any unsubstantiated costs. Response to Motion at ECF No. 48. On August 7, 2026, Petitioner's counsel filed a reply which included a supplemental attorney affidavit and adjusted the requested attorney fees downward, to $27,203.73, which removed the billing surrounding Petitioner's state case. ECF No. 49.

I have reviewed the billing records submitted with Petitioner's request and find it appropriate to reduce the amount of attorney fees to be awarded, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates for Attorney Eric Allen Koch: $300.00 for work performed in 2022-25, and $420.00 for work performed in 2025-26. I find the requested rate of $300.00 for work performed in 2022-25 to be reasonable, and shall apply it herein, as well as the requested rate of $420.00 for work performed in 2026.

But Petitioner's counsel also seeks a mid-year increase in 2025, based on moving from one firm to another, billing at $300.00 for part of 2025 and then $420.00 for the remainder of that year. It is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances. *See Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023).

Accordingly, I reduce Mr. Koch's rate to $300.00 per hour for all time billed in 2025. **Application of the foregoing reduces the amount of attorney fees to be awarded by $<u>4,980.00</u>.**[3]

In addition, Petitioner's attorney has block-billed non-compensable administrative tasks, such as filing, with attorney tasks.[4] It is well established that block-billing or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored in the Program. *See Broekelschen v. Sec'y of Health & Hum. Servs*., 07-137V, 2008 WL 3903710 (Fed. Cl. Spec. Mstr. Dec 15, 2006). Ultimately, several tasks lumped together with one-time entry frustrates the court's ability to assess the reasonableness of the request. In determining the amount of reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise

[3] This amount is calculated as: $420.00 - $300.00 = $120.00 x 41.5 hrs. = $4,980.00.

[4] Entries that include administrative tasks block-billed with attorney tasks include the following: 8/21/2023, 10/27/2023, 12/27/2023, 2/23/2024, 2/26/2024, 3/12/2024, 4/11/2024, 9/9/2024. ECF No. 47-1 at 4-11.

unnecessary'" based on his or her experience or judgment." *Hocraffer v. Health & Hum. Servs.*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011). Additionally, the Vaccine Program's Guidelines for Practice state that "[e]ach task should have its own line entry indicating the amount of time spent on that task." In addition, billing for administrative tasks (i.e., clerical or secretarial work) is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-0010V, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

In evaluating a fees motion, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments. Here, such an overall cut is reasonable, and preferrable to a time-consuming line-by-line review of the bill. I therefore reduce the total attorney fees to be awarded herein by *five* percent, of the already reduced attorney fees, as a fair adjustment to account for the block-billing and administrative task issues mentioned. **Application of the foregoing reduces the total amount of attorney fees to be awarded by $1,111.18.**[5]

## ATTORNEY COSTS

Petitioner's requests $1,740.81 in overall costs. ECF No. 47-1. These costs include medical record requests, the Court's filing fee, and mailing fees. In her Motion, Petitioner includes a footnote stating that not all receipts are attached as they are no longer in her possession. ECF No. 47-1 at 2. However, Petitioner has provided supporting documentation for all claimed costs, except the Court's filing fee. And I will allow reimbursement for the $402.00 filing fee, since the fact of that expense is clearly substantiated by the case's docket report. I find the requested costs otherwise reasonable, and award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $22,882.76 as follows:**

[5] This amount is calculated as follows: $27,203.73 - $4,980.00 x 0.05 = $1,111.18.

**A lump sum of $22,853.36 (representing reimbursement for $21,112.55 in attorney's fees and $1,740.81 in costs) to be paid through an ACH deposit to Petitioner's counsel of record, Eric Koch's IOLTA account for prompt disbursement;** and

**A lump sum of $29.40 (representing reimbursement of Petitioner's out-of-pocket expenses) to be paid through an ACH deposit to Petitioner's counsel of record, Eric Koch's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.